### JOHN CRITTENDEN v. STATE.

No. A-3814.  Opinion Filed June 24, 1922.
(207 Pac. 747.)

Appeal from District Court, Lincoln County; Edward Dewes Oldfield, Special Judge.

John Crittenden was convicted of embezzlement, and he appeals. Reversed.

Jarrett & Speakman, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the district court of Lincoln county wherein John Crittenden was convicted of the crime of embezzlement as defined by chapter 230, Session Laws 1915, and his punishment fixed at a fine of $50 and costs of the action. From the judgment rendered against him he has appealed to this court.

In this case the Attorney General has filed the following confession of error:

"Plaintiff in error was charged by information and convicted of the violation of chapter 230, Session Laws of Okla-

homa 1915, which makes it embezzlement for any person to remove crops from leased or rented premises with the intent to deprive the owner or landlord interested in said land of any of the rent due from said land, or who shall fraudulently appropriate the rent due the owner or landlord of said land, to himself or any person not entitled thereto.

"The undisputed evidence was that the premises in question were leased by written contract to plaintiff in error for cash rent, and that a note for the amount of cash rent, secured by chattel mortgage on certain portions of the crops, was given the landlord; that W. A. Heuston, cashier of the bank at Agra, had possession of the note and mortgage with the authority to collect the same.

"The information charges that plaintiff in error, being the tenant on the estate of L. Harrison, deceased, received and took into his possession 1,680 pounds of seed cotton grown on the land covered by the lease in question, the same being of the value of $184.80, which it is charged was the property of the estate of L. Harrison; that the plaintiff in error removed said seed cotton from the leased premises with the intent to embezzle the same and deprive the estate of L. Harrison of the rent due from said land, and that plaintiff in error appropriated the same to himself with the felonious intent to deprive the owner thereof.

"The undisputed evidence is that plaintiff in error picked 1,680 pounds of seed cotton off the leased premises, and from that portion of land covered by the chattel mortgage, and took the same to Agra and had it ginned and sold it, and on the same day, and immediately thereafter took the check which he received for said cotton, in the sum of $184.80, to Mr. Heuston, who, as stated, was the agent of and represented the parties to whom the rent was due, and who also had possession of the note and chattel mortgage, and plaintiff in error handed this check over to Mr. Heuston, told him that he wanted to apply $125 on the said note and mortgage, and would like to have the balance for the purpose of paying cotton pickers and

to get something to eat for his family, who were in bed with the flu.

"As stated, this evidence is undisputed, and it seems to us that instead of showing that plaintiff in error took this cotton with the intent to deprive the owner, or the landlord, thereof, that the evidence conclusively shows the contrary.

"There was some evidence introduced to the effect that plaintiff in error had taken other loads of cotton at different times off the leased premises, and sold and disposed of the same, and that the proceeds were not turned over to be applied on the rent. This cotton, however, was not taken from that portion of the leased premises covered by the chattel mortgage. However, it seems to us that this evidence could only be competent for the purpose of showing the intent with which plaintiff in error may have taken the cotton mentioned in the information. That is, if there had been any question as to the intent with which he took the same, then the fact that he may have appropriated other cotton would tend to show such intent, but where the testimony is undisputed that the cotton which he is charged with embezzling was sold and the proceeds applied to the payment of the note of the landlord, less such portion as the agent of the landlord permitted him to retain, then the evidence of the sales of other loads of cotton could not be material.

"We apprehend it is plain that plaintiff in error could only be convicted of the charge set forth in the information. In this connection we call the attention of the court to the undisputed testimony of plaintiff in error that the landlord was to look solely to the crops on that part of the leased premises covered by the chattel mortgage. That being true, it might be well said that the landlord waived any interest or any lien that he might have had to the balance of the crops.

"Counsel for plaintiff in error also call attention to the fact that the court was requested to give the instruction setting out the theory of plaintiff in error (Rec. 146), which the

court refused, and also refused to give any instruction covering this theory.

"We feel that under the repeated rulings of this court, some of which are cited by counsel for plaintiff in error, that it is error for the trial court, when requested so to do, to refuse to instruct on the law applicable to the theory of the defense.

"Complaint is also made of the alleged misconduct on the part of the county attorney in his closing argument. We are of the opinion, however, that this assignment is entirely without merit, and that the county attorney did not overstep the reasonable bounds of argument.

"For the errors pointed out above, we are inclined to think that plaintiff in error did not have a fair and impartial trial guaranteed him by the Constitution.
"Respectfully submitted,
"For the Attorney General.
"E. L. Fulton, Asst. Atty. Gen."

Irrespective of whether the action of the landlord in taking a note secured by a chattel mortgage on part of the crop to be planted and raised by the tenant on the leased premises constituted a waiver of the landlord's lien on that part of the crop not covered by the mortgage (a question of law not necessary for decision in this case), we think the judgment should be reversed for the reason stated in the confession of error of the Attorney General, to wit, that as to the portion of the crop covered by the allegations of the information, the state failed to prove any intent on the part of the defendant to deprive the owner of the cotton or the proceeds of the sale thereof. Intent to deprive the owner or landlord of the rent due is a material ingredient of the offense and must be proved as alleged. The confession of error of the Attorney General in this respect is supported by the record.

For reasons stated, the judgment is reversed.